(17 Misc. Rep. 299)

# TRENKMANN v. SCHNEIDER.

(City Court of New York, General Term.　June 30, 1896.)

EVIDENCE—RELEVANCY.

　　Where defendant in an action for rent alleges that plaintiff failed to perform his covenant to supply steam to premises, in consequence of which the premises became untenantable, and defendant was unable to carry on her business therein, and was compelled to quit, it is not competent for her to show that after her removal to another building she had no trouble with her machines, though they were the same that she used in plaintiff's building.

　　Appeal from trial term.

　　Action by August Trenkmann against Minnie L. Schneider. From a judgment entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

　　Argued before VAN WYCK, C. J., and CONLAN and O'DWYER, JJ.

　　Edward W. S. Clinch, for appellant.

　　Theodore Sutro, for respondent.

　　O'DWYER, J.　The action was brought to recover one quarter's rent of the premises leased to the defendant by a written lease, for the purposes of her business.　By the terms of the lease it was provided that the lessor agrees to furnish the lessee "with steam power equal to ten-horse power," and to the drying room of the lessee "so much steam heat as shall at all times be required, the steam to be furnished by means of a 1½-inch pipe extending from the boiler in said premises to said drying room, and to furnish sufficient steam for heating the whole premises thereby demised."　The defense is that the defendant is engaged in the business of manufacturing and selling brewers' materials, and rented the demised premises mentioned in the lease for the purposes of her said business; that, in the manufacture of said materials, it was necessary for the defendant to have a drying room supplied with so much steam heat as should at all times be required therefor, and also power for the operation of the machinery employed by the defendant in the manufacture of said materials, equal to 10-horse power, and at all times a sufficient supply of water for the purposes of such business, and in cold weather a supply of steam sufficient for heating the whole of the premises demised by said agreement; that in violation of the covenants and agreements contained in the said agreement, and after the making thereof, and before any of the rent demanded in the complaint became payable, the plaintiff failed, neglected, and refused, in cold weather, to furnish sufficient steam for heating the whole of the premises demised; that he failed, neglected, and refused to supply defendant with so much steam as she required for the drying room; that he failed, neglected, and refused to supply steam power equal to 10-horse power, and that he also failed, neglected, and refused to supply the defendant with water necessary for the purposes of her said business, and reduced the supply there-

of; that by reason of the failure, neglect, and refusal of the defendant to supply such steam power for drying and heating purposes, and such 10-horse power, and a supply of water sufficient for defendant's said business, the premises became untenantable, and unfit for use by the defendant for the purposes for which they were leased; that she could not carry on her business therein, and was compelled to quit and vacate the same; and that, before any of the rent demanded in the complaint had accrued and became payable by the terms of the lease, the defendant vacated and removed from said premises, by reason of their becoming so untenantable and unfit for occupation, and has not since occupied or used said premises.

The contract specifically provides that the plaintiff shall furnish to the defendant steam power equal to 10-horse power. This does not mean that the plaintiff shall furnish such power only at such times as he pleases. It does mean that he shall furnish that quantity of power the whole working period of each working day during the term of the contract. That the plaintiff did not furnish uniform and steady power was shown to the satisfaction of the jury, and the testimony contained in the printed case is sufficient to sustain their finding on that subject; and this finding would be sufficient to defeat a recovery by the plaintiff, and to affirm this judgment, if no error was committed on the trial. It appears, however, that, against the plaintiff's objection, the defendant was permitted to prove that since her removal into the building which she now occupies she has no trouble with her machines, and to supplement this by proof of the number of machines that she had in use in that building, and that they were originally the machines used in the plaintiff's building. The conditions under which the machines were operated in the new building may have been quite different, and because these machines were operated to the satisfaction of the defendant in that building does not justify the conclusion that the plaintiff did not discharge his obligations to her, as they are defined by the lease. It was error to permit this testimony to be given, and it cannot be said that this error was not harmful to the appellant.

It follows that the judgment and order denying the motion for a new trial should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.